1  **STEVEN A. NIELSEN, CALIFORNIA STATE BAR NO. 133864**
   **(STEVE@NIELSENPATENTS.COM)**
2  **SARA B. ALLMAN, CALIFORNIA STATE BAR NO. 107932**
   **ALLMAN & NIELSEN P.C.**
3  100 LARKSPUR LANDING CIRCLE, SUITE 212
   LARKSPUR, CA 94939-1743
4  TELEPHONE:    (415) 461-2700
   FACSIMILE:    (415) 461-2726
5
   **Attorneys for Plaintiff**
6  **Shoom, Inc., a Delaware corporation**
7
8
                    **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**
10

11 | Shoom, Inc., a Delaware corporation, | Case No. CV 07 5612 JCS |
12 | Plaintiff, | **PATENT** |
   | vs. | |
13 | | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS AND DEMAND FOR JURY TRIAL** |
14 | Electronic Imaging Systems of America, Inc., an Illinois corporation, and Roes 1 – 100; | |
15 | Defendants. | |
16

17      Shoom, Inc. ("Shoom"), by their undersigned attorneys, for their Complaint

18 ("Complaint") against Defendant Electronic Imaging Systems of America, Inc. ("eISA" or

19 "EISA"), and Roes 1 through 100, allege on personal knowledge as to its own acts and on

20 information and belief as to the actions of others, as follows:

21

22                    **THE PARTIES AND PATENTS-IN-SUIT**

23      1.   Defendant, Electronic Imaging Systems of America, Inc. ("eISA" or "EISA"), is

24 an Illinois Corporation located at 2660 Hicks Road, Suite 405, Rolling Meadows, Ill 60008,

25 with a Western Regional subsidiary located in San Diego, CA.

26      2.   Defendant, Shoom, Inc. ("Shoom"), is a Delaware Corporation with its principal

27 place of business at 4640 Lankershim Blvd, Suite 511, North Hollywood, CA 91602.  Shoom is

28

a wholly owned subsidiary of TransData International, Inc., a Delaware Corporation founded in 1995.

3. eISA is the assignee of U.S. Patent No. 7,099,837 ("the '837 patent") a copy of which is attached hereto as Exhibit 1, and U.S. Patent No. 6,505,173 ("the '173 patent") a copy of which is attached hereto as Exhibit 2, collectively ("the patents-in-suit"). The '837 patent is entitled "System of Generating Billing Statements for Published Advertising" and is based on U.S. Patent Application Serial No. 10/308,869 ("the '869 application"), filed December 3, 2002. This application is a continuation-in-part of U.S. Patent Application Serial No. 09/418,744, filed October 15, 1999, now U.S. Patent No. 6,505,173, which issued January 7, 2003.

4. Shoom owns all rights to their products and services. Shoom has a patented communications system that enables efficient transfer of electronic data files between advertisers and publishers for use in the newspaper publishing industry. This patent, U.S. Patent No. 5,523,854, issued June 4, 1996 and is entitled "Store and Forward Data Transmission." The patent application was filed on June 16, 1995 and claims the benefit of priority of U.S. Patent Application Serial No. 148/973, filed November 8, 1993.

5. Shoom has been designing and providing electronic tearsheet services to the publishing industry since 1999.

**JURISDICTION**

6. Shoom has its main office in California and a branch office in the San Francisco Bay Area in Kentfield/San Rafael, CA. Shoom has no offices in the state of Illinois. Shoom has no contacts with the state of Illinois.

7. Shoom currently hosts and/or is the vendor of choice for a large number of newspapers in The San Francisco Bay Area including the Marin Independent Journal in San Rafael, CA, The Santa Rosa Press Democrat, the Petaluma Argus-Courier, and The Vallejo Times Herald, as well as several near the San Francisco Bay Area such as The Tri-Valley Herald in Pleasanton, CA, The Oakland Tribune, the Fremont Argus, the Hayward Daily

Review, the Stockton Record, the Visalia Times-Delta, The Salinas Californian, The Santa Cruz Sentinel and others.

8. Shoom delivers electronic tearsheets on behalf of these papers to many thousands of advertisers such as Macys West in San Francisco, and throughout the San Francisco Bay Area.

9. Shoom is informed and believes that eISA currently has no known invoicing or tearsheet product or operative business method. Rather, eISA provides document conversion, storage, printing and information management services to a number of customers. Many of these customers are in the state of California, including the Fresno Bee in Fresno, CA a newspaper owned by McClatchy Corporation headquartered in Sacramento CA; JB Oxford, Inc. in Beverly Hills, CA; The City of Arcadia, CA; San Diego State University in San Diego CA, and others. In addition, eISA has solicited a number of newspaper companies in California for its planned electronic Tearsheet and Invoicing service, including Stevens Media, an owner of the California newspaper partnership, which operates the Marin Independent Journal in San Rafael, CA.

10. eISA previously produced a sales brochure that lists its Western Regional Office in San Diego, CA.10. John Metsig (a.k.a. "Mr. Metsig" or "Metsig"), is the CEO of eISA, has two daughters in school in California and spends a considerable amount of time in the state of California for both personal and business reasons. Mr. Metsig frequently visits the San Francisco Bay Area to solicit business.

11 Both parties have offices in California, have a large number of customers in California, and spend a great deal of time soliciting business in the San Francisco Bay Area. As a result, San Francisco, California is the most convenient forum for both companies.

12 In and around May 2006, Mr. Metsig appeared in the northern district of California in the courtroom of Hon. Martin J. Jenkins to respond to a complaint for declaratory judgment and damages filed by Shoom with respect to the '173 patent. A copy of the docket report for *Shoom v. eISA* 3:05-cv-03434-MJJ ("*Shoom v. eISA 1*") is attached hereto as Exhibit

- 3 -
COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT, INVALIDITY,
AND INEQUITABLE CONDUCT   CV 07 5612 JCS

13. In *Shoom v. eISA 1*, eISA alleged the absence of a "case in controversy" but did not contest personal jurisdiction.

## JURISDICTION AND VENUE

14   A case or actual controversy now exists between the parties, within the meaning of 28 U.S.C. § 2201, as to whether Shoom infringes any valid claims of the patents-in-suit.

15   Jurisdiction over the subject matter is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

16. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b), as this is a judicial district in which a substantial part of the events giving rise to the claims occurred. Shoom is informed and believes that eISA conducts business on a regular basis in this judicial district.

## INTRA DISTRICT ASSIGNMENT

17. This action is properly filed in the San Francisco Division of the U.S. District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) and (e) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Marin County.

## BACKGROUND

18. Shoom's business involves hosting digitized versions of publications, such as newspapers and magazines, the advertisements placed in the publications and the invoices and statements related to the charges for the advertisements, and making the pages, invoices, advertisements and advertising information available to the publications and the advertisers and agencies that place the advertisements on the Internet. The business is generally known as electronic tearsheets and electronic invoices.

19   Shoom has spent considerable time and effort building a working electronic invoicing system. Shoom's system of invoice production has been in use for over 6 years and is utilized by several newspapers. Both newspapers and advertisers are able to view invoices and published advertisements through Shoom's web portal at www.shoom.com.

1    20.     According to its 2003 brochure, eISA was formed in 1996, as a provider of document imaging software. This service involves the use of scanners to convert physical documents to electronic images. This is the primary business of eISA.

21.     On or about June 24, 2005 eISA prepared a letter and mass-mailed it to a number of newspapers throughout California, including Shoom clients, advising them of the '173 patent and implying, by virtue of its Background disclosure, that any electronic tearsheet and/or electronic invoice system will require a license or the purchase of rights for the use of their patent.

22.     Due to eISA's vaguely worded letter and updated patent claims, Shoom's prospective customers, who were in the process of signing up for Shoom's services, placed their decisions on hold until they could determine whether there was any liability due to the '173 patent.

23.     As a result of eISA's contact with Shoom customers and the implication of patent liability, Shoom produced, at its expense, an opinion that the '173 patent does not apply to Shoom's processes.

24.     On August 24, 2005, Shoom filed a suit against eISA in *Shoom v. eISA I* to obtain a declaratory judgment of, *inter alia*, non-infringement of the '173 patent. eISA argued that there was no case in controversy as required under Art. III of the Constitution and contented that eISA never made explicit threats of litigation prior to the filing date of *Shoom v eISA I*. eISA also contented that threatening communications to Shoom customers would not trigger jurisdiction under the "reasonable apprehension of suit" test. Judgment was entered in favor of eISA on June 29, 2006, prior to the U.S. Supreme Court's ruling in *Medimmune, Inc., v. Genentech Inc*. (2007), 127 S.Ct. 764, which abolished the "reasonable apprehension test" and prior to *GP Industries v. A Gutter Solution* (2007) 092007 FED, 2007-1087, wherein a patent holder's threats to customers of an alleged infringer triggered subject matter jurisdiction.

25.     Despite Mr. Metsig's Declaration of March 1, 2006 stating that as of August 24, 2005, eISA had no intent to sue Shoom, eISA sued Shoom and Shoom's largest customer

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT, INVALIDITY,
AND INEQUITABLE CONDUCT   CV 07 5612 JCS

Gannet in *eISA v. Gannett and Shoom*, 1:07-cv-00791 in US District Court, Northern District of Illinois (Chicago) on February 9, 2007. A copy of the docket report for *eISA v. Gannett and Shoom*, is attached hereto as Exhibit 4. While eISA has dismissed its suit against Gannett and Shoom without prejudice, the suit has disrupted Shoom's business relationship with Gannett and dispelled any doubt regarding eISA's intentions against Shoom.

26. On February 12, 2007, eISA prepared a letter, attached hereto as Exhibit 5, accusing Shoom of patent infringement and mass-mailed it to a number of newspapers throughout California, including Shoom clients, such as Gannett, advising them of the '837 patent and implying, by a misleading reference to their Background disclosure, that any electronic tearsheet or electronic invoice system would require a license or the purchase of rights for the use of their patent. No claim chart accompanied the letter. Again, eISA knew that by broadcasting this letter and complaint, Shoom's core business would be interrupted and damaged.

27. In fact, on February 15, 2007, Gannett contacted Shoom to indicate that their contract would be placed on hold until it could determine whether there was any liability due to the '837 patent.

28. After damaging Shoom's business relationship with Gannett and Shoom's relationships with other customers and potential customers, eISA dismissed their suit in Chicago without prejudice on April 13, 2007. Shoom has no offices in Chicago and did not wish to incur the expense of pursuing eISA in a non-convenient venue. eISA placed their suit against Shoom on hold due to Shoom's current lack of "minimum contacts" in Chicago. Shoom is now unable to expand its business in Chicago without restarting eISA's suit against Shoom.

29. On or about March 16, 2007, eISA continued their penchant for patent litigation by suing MerlinOne in U.S. District Court, Northern District of Illinois, Chicago, case no. 1:07-cv-01490.

30. On or about May 16, 2007, MerlinOne made a motion to stay *eISA v. MerlinOne* for four months, pending reexamination of eISA's '837 patent. The reexamination has been

- 6 -
COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT, INVALIDITY,
AND INEQUITABLE CONDUCT   CV 07 5612 JCS

1  docketed as Control No. 90/008,647 and may be viewed on the USPTO's public PAIR portal.
2  The reexamination was still in progress as of November 2, 2007.

3      31.    On or about September 25, 2007, counsel for eISA, Cook Alex McFarron Manzo Cummings Mehler Ltd of Chicago obtained an order from the court relieving them as counsel of record.

    32.    Shoom is informed and believes that some or all of eISA's assets are now in the hands of American Chartered Bank, 459 S. Rand Rd., Lake Zurich, ILL 60047 and are being sold by Commercial Recovery Associates, LLC, 205 West Wacker Drive, Suite 918, Chicago, IL 60606.

    33.    Shoom is informed and believes that eISA is not in bankruptcy and that eISA is in good standing with the Illinois Department of Corporations. Attached hereto is an official certificate of good standing with respect to eISA. The certificate was issued by the state of Illinois. A copy of the certificate and receipt is attached hereto as exhibit 6.

    34.    The business of Shoom is currently in jeopardy do to the uncertainty caused by the status of the patents in suit, the prospect of further suits by a purchaser of the patents in suit, and the prospect of eISA attempting to raise money by suing Shoom again.

### FIRST CAUSE OF ACTION

**(Declaratory Judgment for Non-Infringement of the Patents-in-suit, against eISA and Roes 1 to 100)**

    35.    Shoom repeats and re-allege the allegations of paragraphs 1 through 35 above as if fully set forth herein.

    36.    As a result of eISA's outstanding suit in Chicago *eISA v. Gannett & Shoom*, albeit, currently dismissed without prejudice and eISA's harassment of Shoom's largest customer, Gannett, Shoom faces uncertain liability for patent infringement, disruption of its lawful business and a reasonable apprehension of an additional suit brought by eISA and/or new legal or equitable owner(s) of the patents-in-suit. Accordingly, under *Medimmune, Inc., v.*

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT, INVALIDITY,
AND INEQUITABLE CONDUCT   CV 07 5612 JCS

1  *Genentech Inc*. (2007), 127 S.Ct. 764 there exists an actual, justiciable and legal controversy
2  between Shoom and eISA regarding Shoom's alleged infringement of the patents-in-suit.
3       37.   Shoom does not directly infringe, induce the infringement of, nor been a
4  contributory infringer of any claim of the patents-in-suit.
5       38.   Shoom's methods of business include neither the creation of unique customer
6  identifiers, nor other any claim elements of the patents-in-suit and thus Shoom does not
7  infringe upon the patents-in-suit.
8       39.   Shoom is therefore entitled to a judicial determination and declaration that
9  itsprocesses do not infringe any claim of the patents in suit.

## PRAYER FOR RELIEF

WHEREFORE, Shoom requests that the Court enter judgment in its favor and against eISA on their Complaint as follows:

A. Declaring that Shoom's processes do not infringe, and have not infringed, any claim of the patents-in-suit;

B. Enjoining eISA, their officers, agents, successors and assigns, employees, representatives, counsel and all parties acting in concert with them, permanently from directly or indirectly asserting or charging that Shoom processes infringe the patents-in-suit;

C. Declaring this an exceptional case, under 35 U.S.C. § 285, and rendering an award to Shoom of its reasonable attorneys fees, expenses and costs in this action; and

D. Granting Shoom such other and further relief as this Court deems just and proper.

DATED: November 5, 2007.          **Allman & Nielsen P.C.**

                                  By  /s/ Steven A. Nielsen
                                      Steven A. Nielsen
                                      Attorneys for Plaintiff
                                      SHOOM, INC.

- 8 -
COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT, INVALIDITY,
AND INEQUITABLE CONDUCT   CV 07 5612 JCS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Shoom demands a trial by jury of all issues triable of right by jury.

**Allman & Nielsen P.C.**

By /s/ Steven A. Nielsen
Steven A. Nielsen
Attorneys for Plaintiff
SHOOM, INC.

JURY DEMAND
CV 07 5612 JCS   Shoom v. eISA
[CV 07 5612 JCS Complaint Shoom v eISA]