STEVEN A. NIELSEN, CALIFORNIA STATE BAR NO. 133864
(STEVE@NIELSENPATENTS.COM)
SARA B. ALLMAN, CALIFORNIA STATE BAR NO. 107932
ALLMAN & NIELSEN P.C.
100 Larkspur Landing Circle, suite 212
Larkspur, CA 94939-1743
Telephone:   (415) 461-2700
Facsimile:    (415) 461-2726

**Attorneys for Plaintiff
Shoom, Inc., a Delaware corporation**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Shoom, Inc., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>Electronic Imaging Systems of America, Inc., an Illinois corporation, and Roes 1 – 100;<br><br>  Defendants. | Case No. CV 07 05612 JCS<br><br>**DECLARATION OF STEVEN A. NIELSEN IS SUPPORT OF APPLICATION FOR DEFAULT JUDGEMENT AND COSTS**<br><br>Date:       February 8, 2008<br>Time:      9:30 A.M.<br>Courtroom: A, 15th Floor |

I, STEVEN A. NIELSEN, Declare and state as follows:

1. I am an attorney at the law firm of Allman & Nielsen P.C., counsel for Plaintiff Shoom, Inc. in the above-entitled matter. The facts stated herein are within my personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2. On November 9, 2007, I caused a true and correct copy of the Summons and Complaint in this action to be personally served upon Mr. Don O. Spagnolo, the registered agent for service of process for Defendant Electronic Imaging Systems of America, Inc. ("eISA"). True and correct copies of the two proofs of service of the Summons and Complaint have been lodged with the Court.

3. As of this date, Allman & Nielsen, P.C. has not received a response to the Summons and Complaint. Moreover, as shown by the docket sheet from this case attached as "Exhibit 1" no responsive filing has been filed.

4. As of this date, no representative of eISA has contacted Allman & Nielsen, P.C. despite the fact that a copy of the Request for Entry of Default was mailed to attorney Don O. Spagnolo, the registered agent for service of process for eISA and an additional copy was mailed to John Metsig, President of eISA on December 3, 2007.

5. Upon my information and belief, the defendant, being an Illinois corporation with its principal place of business in Rolling Meadows, Illinois, is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520.

6. The coercive actions of eISA continue to damage Shoom's business opportunities, as Garnnett, Shoom's largest customer, will not subscribe to Shoom's eInvoicing services until there is a resolution of eISA's claims of patent infringement against Shoom and Gannett. An actual case and controversy exists as eISA sued both Ganett and Shoom for patent infringement on February 9, 2007 in U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 07C 0791. eISA dismissed the action without prejudice leaving Shoom and Shoom's customers with no resolution to the patent infringement claims asserted by eISA. Shoom now faces uncertain liability and uncertain legal fees due in part to eISA's perplexing legal strategy and new found penchant for filing patent infringement actions.

7. On March 16, 2007, eISA filed an action for patent infringement against Merlinone, Inc, case no. 1:07-cv-01490, U.S. District Court, Northern District of Illinois, Chicago.

- 2 -

Declaration of Steven A. Nielsen in Support of Default Judgment
(Case No. CV 07-05612 JCS)

8. Prior to the U.S. Supreme Court case of *Medimmune, Inc., v. Genentech Inc.* (2007), 127 S.Ct. 764, and prior to eISA's two subsequent suits for patent infringement, Shoom filed an action for a declaratory judgement of non-infringement against eISA on August 24, 2005 in U.S. District Court, Northern District California, San Francisco, case no. 3:05-cv-03434-MJJ. On or about May 16, 2006 a hearing was held before the Honorable Judge Martin J. Jenkins wherein asserted that eISA that no case or controversy existed since, *inter alia,* eISA had never brought suit for patent infringement and had no present intent to sue Shoom.

9. Based upon eISA's coercive action in suing Shoom's largest customer, Gannett and eISA's prior suit against Shoom, and Shooms current uncertainty of patent infringement liability a case or controversy under Article III exists under *Medimmune v. Genetech.*

10. The past and current methods of Shoom do not infringe upon the patents in suit. I have personally navigated the public and private areas of Shoom's web portal, witnessed a live on-line demonstration of Shoom's invoice production, studied Shoom instructional literature such as "Data Requirements for Shoom e-Invoices", and Shoom's source code, interviewed Shoom's CTO and have carefully read the patents in suit and their respective file wrappers. In a nutshell, the patents in suit describe and claim methods of scanning or creating newspaper advertisements or invoices whereas Shoom receives pre-press production copies of newspaper advertisements and receives invoices generated by newspapers. Shoom neither scans nor creates newspaper copy or invoices. The dichotomy between the scanning methods of the eISA patents and the more modern pre-press production methods of Shoom is well documented in *Electronic Tearsheets Gain Momentum* (2001) published by the National Newspaper Association of America.

11. Shoom has incurred costs of $350 dollars in filing the present action and $47 dollars in service fees to have Mr. Don O. Spagnolo personally served with the summons and complaint in this matter. Mr. Spagnolo is the registered agent for service of process of eISA. Shoom has incurred a total of $397 dollars in costs in this matter, excluding attorney fees.

- 3 -

Declaration of Steven A. Nielsen in Support of Default
Judgment
(Case No. CV 07-05612 JCS)

1     12.    Copies of this Declaration, with the attachment and the Notice of Application for Default Judgment and Costs and Application for Default Judgment by Court have this date been served upon the defendant by regular mail, postage prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of December, 2007 at Larkspur, California.

            __/s/  Steven A. Nielsen____
                 Steven A. Nielsen

- 4 -

Declaration of Steven A. Nielsen in Support of Default Judgment
(Case No. CV 07-05612 JCS)

**PROOF OF SERVICE**

State of California

Marin County

I am over the age of 18 and not a party to the within action; my business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California, 94939. On **December 27, 2007**, a copy of the attached **DECLARATION OF STEVEN A. NIELSEN IN SUPPORT OF REQUEST TO ENTER DEFAULT** was served on all interested parties in this action by U.S. mail, postage prepaid, at the following addresses:

Don O. Spagnolo
2500 W. Higgins RD, Suite 500
Hoffman Estates, IL, 60195

John Metsig, President
Electronic Imaging Systems of America
2260 Hicks Road, Suite 405
Rolling Meadows, IL 60008

Executed on December 27, 2007, at Larkspur, California. I declare under penalty of perjury that the above is true and correct.

_____

_____
Proof of Service – DECLARATION OF STEVEN A. NIELSEN IS
SUPPORT OF APPLICATION FOR DEFAULT JUDGEMENT
AND COSTS
CV 07 5612 JCS   Shoom v. eISA