Steven A. Nielsen, Esq., CSB #133864
(steve@nielsenpatents.com)
Sara B. Allman, Esq., CSB #107932
ALLMAN & NIELSEN
A Professional Corporation
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939-1743
Telephone:   (415) 461-2700
Facsimile:    (415) 461-2726

Attorneys for Plaintiff,
SHOOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | | |
|---|---|---|
| SHOOM, INC. | ) | Case No. C 07-05612 (JCS) |
| Plaintiff, | ) ) ) | **CASE MANAGEMENT STATEMENT** |
| vs. | ) ) | Judge: Hon. Joseph C. Spero |
| ELECTRONIC IMAGING SYSTEMS OF AMERICA, INC. | ) ) ) | Ctrm: A, 15th Floor<br>Date: April 4, 2008<br>Time: 9:30 AM |
| Defendant. | ) ) ) | |

Case Management Statement
Case No. C 07-05612 (JCS)

Plaintiff Shoom submits this Case Management Statement.

**1.     Jurisdiction and Service**

Service

The complaint and summons were properly served upon eISA as plead in Shoom's Request for Entry of Default filed on or about December 3, 2007. eISA is well aware of the present action. John Metsig, president of Defendant eISA, stated in writing on January 9, 2008 that he has no intent to pursue the current litigation and will default. eISA has indeed chosen to not enter an appearance in this action.  As of this writing, counsel for Shoom has received no request to set aside the default entered by the Clerk.

Jurisdiction

 Personal jurisdiction, subject matter jurisdiction and venue are well plead in the Complaint and factually supported by the docket sheets filed as exhibits to the Complaint.

In brief summary, subject matter jurisdiction is factually supported by, *inter alia*,  eISA's suit against Shoom, *eISA v. Gannet, Shoom, et al*, Northern District of Illinois, 07 C 0791 filed on or about February 9, 2007 wherein eISA sued Shoom and Shoom's customer Gannet for patent infringement. Failing to find personal jurisdiction against Shoom, eISA filed a dismissal without prejudice; however,  a "substantial controversy" between the parties continues as contemplated *by Medimmune Inc. v. Genentech Inc*., 127 S. Ct. 764 (2007) and *Micron Technology Inc. v. Mosaid Technologies, Inc* (Fed. Cir. 2007-1080) decided February 29, 2008.  With the suit in Chicago dismissed without prejudice, Shoom now faces uncertainty in the marketplace as Shoom's customers were and are fearful of being sued as a result of

using Shoom's electronic invoicing system. As of this writing, Gannet refuses to implement Shoom's invoicing system until the dispute with eISA is resolved. eISA's suit against Gannet in Chicago, continues to harm Shoom's business with Gannett.

There is no love loss between the parties as Edward Manzo, counsel for eISA accused Shoom and Gannett of willful patent infringement on February 12, 2007. See Exhibit 5 to the Complaint. This was shocking to Shoom, as eISA avoided subject matter jurisdiction by arguing that Shoom did not have a reasonable apprehension of being sued by eISA in *Shoom v. eISA* 3:05-cv-03434-MJJ filed on August 24, 2005, ("*Shoom v. eISA 1*"). In *Shoom v. eISA 1*, the pre Medimmune test of "a reasonable apprehension of suit" was applied, resulting in a dismissal, as eISA had yet to sue anyone for patent infringement. Now with the subsequent filing of *eISA v. Gannett, Shoom et al* in Chicago and Manzo's letter accusing Shoom of willful patent infringement , subject matter jurisdiction is conferred under Article III of the United States Constitution or under the Declaratory Judgment Act, 28 U.S.C § 2201. Under any test, there is a sufficient "case in controversy" to confer subject matter jurisdiction. Shoom now comes before the Court to end a lengthy and expensive controversy.

**2.    Facts:**

This is a patent suit for a declaratory judgment of noninfringement only. Unlike the two prior lawsuits between the parties, the issue of patent invalidity is not raised in this case.

eISA's intentional default in this matter seems consistent with eISA's recent request for a dismissal of *eISA v. MerlinOne*, U.S. District Court , Northern District of Illinois, Eastern Division, Case No. l: 1:07-cv-01490. In *eISA v. MerlinOne*, counsel for eISA, Mr. Edward Manzo, requested a dismissal without prejudice, the court denied the request and dismissed eISA's action with prejudice on March 5, 2008. See Exhibit

2

Case-Management Statement
Case No. C 07 05612 JCS

2, Docket Entry by Clerk on March 5, 2008. eISA sued MerlinOne for patent infringement on March 16, 2007. No one knows where eISA will strike next.

There appears to be no factual issues in dispute. eISA contests neither the manner or means of service nor Shoom's assertions of non infringement of the patents in suit.

**3.    The principal legal issues that the parties dispute:**

None.

**4.    Motions**

Shoom's Motion for Default Judgment is currently set for April 4, 2008 at 9:30 AM in Court Room A before the Court. Shoom is confident that the motion will resolve the case and allow Shoom to proceed with its innovative methods of providing newspapers with electronic tear sheets and electronic invoices. Shoom's requested relief does not require the court to consider the validity of the patents in suit.

**5.    Amendment of Pleadings:**

No amendments are anticipated.

**6.    Evidence Preservation:**

Evidence of Shoom's non infringement of the patents in suit has been well preserved.

**7.    Disclosures:**

As eISA has failed to make an appearance in this action, no disclosures have been exchanged.

8. **Discovery:**

As the claims of the patents in suit are publicly available, no discovery by Shoom has been requested. As part of the prior lawsuits, Shoom has obtained the file wrappers for the patents in suit and has carefully studied Shoom's own means of producing electronic invoices.

9. **Class Actions:** N/A

10. **Related Cases:**

To the best knowledge of Shoom, there are no other current cases between Shoom and eISA. There were the previous cases of *Shoom v. eISA 1*, filed in 2005, and *eISA v. Gannett, Shoom et al* filed in 2007, as discussed above in Section 1. On March 5, 2008, eISA concluded its case against MerlinOne, a provider of electronic invoices.

11. **Relief:**

Shoom seeks and is entitled to an order from the Court declaring that Shoom's methods do not infringe upon the patents in suit. Shoom also seeks monetary damages of $350 dollars for the filing fee of the Complaint and $47 dollars for the cost of service upon eISA.

12. **Settlement and ADR:**

No settlement or ADR discussions have occurred. The relief specified above would allow Shoom to continue its business and allow eISA to pursue others for patent infringement. A default judgment as requested by Shoom would settle this matter for Shoom and Shoom's customers.

13. **Consent to Magistrate Judge for All Purposes:**

Shoom has filed such consent. eISA has filed nothing in this action, as of this writing.

**14.     Other References :  N/A**

**15.     Narrowing of Issues:**

Based upon eISA's decision to not participate in this matter, no agreements are possible.

**16.     Expedited Schedule:   N/A**

**17.     Scheduling:**

After the hearing set for April 4, 2008, no further scheduling should be needed.

**18.     Trial:  N/A**

**19.     Disclosure of Non-party Interested Entities or Persons**

Shoom did file a "Certification of Interested Entities or Persons" with the Court on November 30, 2007. Plaintiff Shoom, Inc., is a Delaware Corporation and is wholly owned by TransData International, Inc., a Delaware Corporation.

DATED:  March 26, 2008                     ALLMAN & NIELSEN
                                           Steven A. Nielsen


                                           By:   /s/  Steven A. Nielsen

                                           Attorneys for Plaintiff
                                           Shoom, Inc.

5

Case-Management Statement
Case No. C 07 05612 JCS