UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOOM, INC., | Case No. C-07-05612 JCS |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION RE APPLICATION FOR DEFAULT JUDGMENT BY COURT [Docket No. 13]** |
| ELECTRONIC IMAGING SYSTEMS OF AMERICA, INC., | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff, Shoom, Inc., ("Shoom") filed a Complaint seeking a declaratory judgment that its activities do not violate U.S. Patent Nos. 7,099,837 (the "'837 patent") and 6,505,173 (the "'173 patent"). Defendant Electronic Imaging Systems of America, Inc. ("eISA") did not answer or otherwise respond to the Complaint, and the Clerk entered default pursuant to Fed.R.Civ.P. 55(a) on December 12, 2007. Plaintiff now requests that the Court enter default judgment in its favor and award declaratory relief and costs. In particular, Shoom seeks a declaration that its "processes do not infringe, and have not infringed, on any claim" of the '837 and '173 patents. Complaint, Prayer ¶ A. A hearing was held on April 4, 2008, at 9:30 a.m. For the reasons stated below, it is recommended that the Motion be GRANTED.

## II. BACKGROUND

### A. Factual Background

Shoom is a wholly-owned subsidiary of TransData International, Inc., a Delaware Corporation founded in 1995. Complaint, ¶2. Its main office is in California and it has a branch

office in Kentfield/San Rafael, California. *Id*., ¶ 6. Since 1999, Shoom has been designing and providing electronic tearsheet services to the publishing industry. *Id*., ¶5. This involves "hosting digitalized versions of publications, such as newspapers and magazines, the advertisements placed in the publications and the invoices and statements related to the charges for the advertisements, and making the pages, invoices, advertisements and advertising information available to the publications and the advertisers and agencies that place the advertisements on the Internet." *Id*., ¶ 18.

Shoom is the vendor-of-choice for a large number of newspapers in the San Francisco Bay area and environs, including the Marin Independent Journal, the Santa Rosa Press Democrat, the Petaluma Argus-Courier, the Vallejo Times-Courier, the Tri-Valley Herald, the Oakland Tribune, the Fremont Argus, the Hayward Daily Review, the Stockton Record, the Visalia Times-Delta, the Salinas Californian, and the Santa Cruz Sentinal. *Id*., ¶7. Shoom delivers electronic tearsheets on behalf of these papers to thousands of advertisers such as Macys West in San Francisco. *Id*., ¶8.

eISA is an Illinois corporation with a Western Regional office in San Diego, California. *Id*., ¶ 1. eISA is the assignee of the '873 patent and the '173 patent. *Id*., ¶ 3. According to its 2003 brochure, eISA was formed in 1996 and is a provider of document imaging software. *Id*., ¶ 20. While conversion of physical documents to electronic images is eISA's primary business, EISA has solicited a number of newspaper companies in California regarding its planned electronic tearsheet and invoicing service. *Id*., ¶ 9. The CEO of eISA is John Metsig. *Id*., ¶ 10. Metsig has two daughters in school in California and frequently visits the San Francisco Bay area to solicit business. *Id*., ¶ 10.

In June 2005, eISA sent a form letter to approximately 250 newspapers and newspaper organizations.[1] *Shoom v. Elec. Imaging Sys. of America, Inc.*, 2006 WL 1529983 * 1 (N.D. Cal. May 31, 2006). The letter was received by approximately 30 Shoom customers. *Id*. It stated as follows:

---

[1] In its Complaint, Plaintiff refers to a "threatening communication" by eISA to its customers. *See* Complaint, ¶ 24, as well this Court's decision in Case No. C-05-3434, discussed below. Although the Complaint in this action does not contain details regarding eISA's actions and statements relating to the '173 patent, Shoom stipulated at oral argument that the facts set forth in the Court's order dismissing the earlier action [Docket No. 44] are accurate. Therefore, the Court draws on the facts set forth in that decision in setting forth the relevant facts here.

> Dear [addressee]:
>
> Electronic Imaging Systems of America, Inc. ('eISA') owns Wirbel et al., United States Patent 6,505,173 (the "'173 Patent"), which issued on 07 January 2003. For your convenience, I have enclosed a copy of the '173 Patent as it may concern existing and/or contemplated system decisions that may relate but may not be limited to: Electronic Tearsheets, Proof of Ad Delivery Systems, Advertising/Classified Statements and Inserts Orders/Contracts. eISA currently has another U.S. Patent Application pending before the United States Patent and Trademark Office, which is related to the technology covered by the '173 Patent.
>
> Although eISA currently owns all rights, title and interest in the '173 Patent, eISA intends to soon license, exclusively or not-exclusively, or otherwise transfer its rights, title and/or interest in the '173 Patent.
>
> I am communicating this letter to you and other companies in the industry. If you want to license or purchase rights associated with the '173 Patent, please contact me at your convenience.
>
> Thank you,
> John Metsig
> President and CEO

*Id*.

On August 24, 2005, Shoom filed an action in this court seeking a declaratory judgment of non-infringement of the '173 patent (hereinafter, the "'173 Action"). Complaint, ¶ 24. eISA filed a motion to dismiss on the basis that there was no case or controversy under Article III of the Constitution because Shoom did not have a "reasonable apprehension" of being sued on the '173 patent.[2] *Id*. In connection with that motion, eISA's president filed a Declaration, dated March 1, 2006, referenced in the Complaint in the instant action. Complaint, ¶ 26.[3] In the Declaration, Metsig states as follows:

> As of August 24, [2005] eISA had no intention of suing Shoom for infringing the '173 patent. As of today [March 1, 2006], eISA has not formally analyzed whether Shoom's method infringes the '173 patent. Until eISA conducts such an analysis and unless the conclusion is that Shoom's method infringes, eISA will not sue Shoom.

Case No. 05-3434 [Docket No. 29]. On May 31, 2006, the Court dismissed Shoom's action on the basis that it did not have a reasonable apprehension of suit.

---

[2] eISA did not assert an objection based on lack of personal jurisdiction.

[3] Although Plaintiff in its Complaint characterizes this Declaration as a general promise not to sue Shoom, the Declaration is limited to the '173 patent.

3

**United States District Court**
For the Northern District of California

On February 9, 2007, eISA filed a Complaint in U.S. District Court, Northern District of Illinois (hereinafter, "the Illinois Action"), alleging that Shoom was infringing the '837 patent. *Id*., ¶ 25. Also named as a defendant was one of Shoom's largest customers, Gannett. *Id*. A few days later, on February 12, 2007, eISA mailed the following letter to Gannet:

> Dear [addressee]:
>
> We represent Electronic Imaging Systems of America, Inc/ based in Rolling Meadow, Il,linois (which is a Chicago suburb). Enclosed please find a courtesy copy of a complaint we filed in federal court in Chicago on Friday, February 9, 2007, against Gannet Co., Gannet Satellite Information Network, and Shoom, Inc.
>
> Late last year, Shoom issued a press release (Attachment 5 to the Complaint) announcing that USA TODAY had recently contracted for two services provided by Shoom. The suit charges that the process by which you work with Shoom to bill advertising customers for advertisements in at least USA TODAY infringes eISA's U.S. Patent 7,099,837, a copy of which is Attachment 2 to the Complaint.
>
> Any continued use of the patented method would be willful infringement.
>
> Last year, Shoom sued our client eISA in San Francisco seeking a declaration of no liability of the parent patent to the current patent-in-suit. That suit was dismissed.
>
> My purpose in writing, beyond providing you with a courtesy copy of the suit, is to determine whether the determine whether the defendants have any interest in resolving this dispute amicably or prefer instead to litigate in Chicago.
>
> I look forward to hearing from you.
>
> Sincerely,
>
> Edward Manzo

Complaint, Ex. 5. According to Shoom, this letter was mass-mailed to many of Shoom's customers in California. Complaint, ¶ 12.

On February 15, 2007, Gannett contacted Shoom to tell it that their contract would be placed on hold until it could be determined whether there was any liability due to the '837 patent. *Id*., ¶ 27. On April 13, 2007, eISA dismissed the Illinois Action without prejudice. *Id*., ¶ 28. However, according to Shoom, Gannett continues to refuse to subscribe to Shoom's service on the basis of the unresolved allegations of patent infringement. Declaration of Steven A. Nielsen in Support of

4

Application for Default Judgment ("Nielsen Decl."), ¶ 6.[4] According to Shoom, "eISA placed their suit against Shoom on hold due to Shoom's current lack of 'minimum contacts' in Chicago." *Id*. Shoom further alleges that "Shoom is now unable to expand its business in Chicago without restarting eISA's suit against Shoom." *Id*.

In the meantime, eISA sued MerlinOne in the U.S. District Court for the Northern District of Illinois (Case 07-1490, hereinafter, the "MerlinOne Action"). *Id*., ¶ 29. The Complaint in that action reflects that MerlinOne, like Shoom, operates an electronic tearsheet service. MerlinOne Action, Complaint, ¶¶ 31-38. In addition to MerlinOne, eISA named as defendants the Tribune Publishing Company, the Chicago Tribune Company and the Tribune Company, alleging that all of the defendants were infringing the '837 patent. On May 22, 2007, the court granted MerlinOne's motion to stay the proceeding for four months pending reexamination of the '837 patent by the Patent and Trademark Office ("PTO"). Docket No. 18, MerlinOne Action. In September 2007, however, eISA's counsel sought leave to withdraw from the case, which was granted on September 25, 2007. Docket Nos. 21-22. The Court gave eISA until February 27, 2008, to find new counsel and decide what to do in the case. Docket No. 23, MerlinOne Action. eISA apparently failed to do so, appearing at a March 5, 2008 status hearing with its former counsel, Edward Manzo. Docket No. 25, MerlinOne Docket. On the same day, the MerlinOne Action was dismissed with prejudice. *Id*.

According to Shoom, the reexamination of the '837 patent was still in progress as of November 2, 2007. Complaint, ¶ 30.

Shoom alleges, on information and belief, that "some or all of eISA's assets are now in the hands of American Chartered Bank, 459 S. Rand. Rd., Lake Zurich, ILL 60047 and are being sold by Commercial Recovery Associates, LLC, 205 West Wacker Drive, Suite 918, Chicago, ILL 60606." *Id*., ¶ 32. Shoom further alleges that "eISA is not in bankruptcy and that eISA is in good

---

[4] The Complaint alleges that Gannett put its relationship on hold pending resolution of the '837 patent. At oral argument on the Motion, however, Shoom CEO William Presky appeared and offered sworn testimony that Gannett has declined to purchase Shoom's services until questions about *both* the '173 and the '837 patent are resolved. Presky also testified that other specific customers had told him that they would not purchase Shoom's services until eISA's allegations of infringement as to the '173 and the '837 patent were resolved.

standing with the Illinois Department of Corporations." *Id.*, ¶ 33. Shoom attached a certificate of good standing for eISA, issued by the Illinois Secretary of State. Complaint, Ex. 6.

### B. The Motion

In the Motion, Shoom seeks a declaratory judgment that it does not infringe the '837 patent or the '173 patent. Shoom also requests $397 for costs to cover the cost of service and its filing fee. In support of the motion, Shoom provides a declaration by its counsel, Steven Nielsen, stating that eISA is not an infant or incompetent, that eISA's actions continue to damage Shoom's business opportunities and that Shoom's services do not infringe the patents-in-suit. Nielsen further verifies that Shoom has incurred the costs described above. Shoom argues that in light of recent actions by eISA, as well as the Supreme Court's decision in *Medimmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007) abrogating the "reasonable apprehension of suit" test in declaratory judgment actions, there is now a case or controversy under Article III of the Constitution that permits entry of a declaratory judgment in its favor.

## III. ANALYSIS

### A. Standing under Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides that "in a case of actual controversy," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." A party seeking declaratory relief must show that there is an actual controversy under Article III of the Constitution. *Maryland Cas. Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273 (1941). Even where there is an actual controversy, a court has the discretion to decline to exercise jurisdiction over claims for declaratory relief. *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). Thus, for example, if an action between the same parties addressing the same issues is pending in another court, it may be appropriate for the court decline to exercise jurisdiction over a declaratory judgment action *Id.* at 495. More broadly, courts ask whether exercise of jurisdiction over a declaratory judgment action serves a useful purpose and whether the case is fit for resolution. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).

The actual controversy requirement is satisfied where the facts alleged establish that under all the circumstances, there is a substantial controversy "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech,* Inc., 127 S.Ct. 764, 771 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273 (1941). Until recently, courts looked to whether a party had a "reasonable apprehension of suit" or a "reasonable apprehension of *imminent* suit" to determine whether there was an actually controversy. *See, e.g., Teva Pharm. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005) (holding that there was no case or controversy under Article III in declaratory judgment action seeking declaration of noninfringement because plaintiff did not have reasonable apprehension of an imminent patent infringement action by defendant). The Supreme Court recently rejected that test, however, in *Medimmune v. Genentech, Inc.*, 127 S. Ct. 764, 774 n.1 (2007). In that case, the Court made clear that a declaratory judgment plaintiff need not face an imminent patent infringement action in order to establish a case or controversy under Article III. *Id*. Indeed, even the elimination of "any apprehension of suit [] does not moot a declaratory judgment [claim] of patent invalidity." *Id*. Rather, where the actions of a private party have resulted in "actual or *threatened* serious injury to business or employment," this may suffice to give rise to an actual controversy. *Id*. at 774 (emphasis added). The Court noted, "[t]o imperil a man's livelihood, his business enterprises, or his solvency" was sufficiently coercive to give rise to a case or controversy. *Id*. (citations omitted). *Id*.

The Federal Circuit recently concluded that the *Medimmune* "more lenient legal standard . . . enhances the availability of declaratory judgment jurisdiction in patent cases." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, – F.3d –, 2008 WL 540182 * 4 (Fed. Cir. Feb. 29, 2008).

Here, Plaintiff has alleged – and presented evidence in support of its allegations – that eISA's actions with respect to the '173 and '837 patents have not only threatened Shoom with economic injury, but actually resulted in such injury, in the form of the loss of at least one of Shoom's major clients. This alone supports the conclusion that an actual controversy exists that is sufficient to confer standing on Shoom under the Declaratory Judgment Act. Nor does the Court find that there is any reason it should exercise its discretion to decline to exercise jurisdiction in this case.

Accordingly, the Court concludes that Shoom has standing to seek a declaratory judgment against eISA on the '173 and '837 patents.

### B. Legal Standard Regarding Entry of Defualt Judgment

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b). A defendant's default, however, does not automatically entitle the plaintiff to a court-ordered default judgment. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The district court has discretion in its decision to grant or deny relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Lau Ah Yew v. Dulles*, 236 F.2d 415-16 (9th Cir. 1956) (affirming district court's denial of default judgment). The Court may consider the following factors in deciding whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d). On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, where the allegations in a complaint are not "well-pleaded," liability is not established by virtue of the defendant's default and default judgment should not be entered. *Id.*

Damages or other forms of relief awarded are constrained by the rule that judgment by default "shall not be different in kind, or exceed in amount," that prayed for in the complaint. Fed. R. Civ. P. 54(c). Where a plaintiff has alleged well-pleaded claims, the court may award declaratory relief on the basis of the factual allegations in the complaint without taking further proof. *Massa v.*

*Jiffy Prods. Co.*, 240 F.2d 702, 706 (9th Cir. 1957) (entering declaratory judgment on basis of default that patent was not infringed).

### C.  *Eitel* Factors

#### 1.  Excusable Neglect

There is no indication that eISA's failure to answer or appear was the result of excusable neglect. The Complaint in this action was served on eISA. The Court notes that eISA appeared in the MerlinOne Action as recently as March 5, 2008. While eISA apparently had failed to secure new counsel in that action and may be without counsel altogether, that fact does not excuse eISA's failure to respond in any way to the Complaint in the instant action. Further, evidence presented by Shoom indicates that eISA has not been dissolved and is not in bankruptcy. Therefore, the Court concludes that eISA's failure to respond was not due to excusable neglect, but instead has been willful.

#### 2.  Possibility of Prejudice to Plaintiff

As discussed above with respect to Plaintiff's standing under the Declaratory Judgment Act, eISA's actions have threatened Shoom's business opportunities and continue to cast a shadow over its relationships with existing and potential clients. Were the Court to decline to enter default judgment in this action, Shoom would be left in a legal limbo that would result in prejudice to Plaintiff.

#### 3.  Allegations and Substantive Merits of Claims

Plaintiff has alleged that it does not infringe the '173 patent or the '837 patent. It has also provided a declaration to that effect. eISA has willfully failed to respond and has presented no defense, meritorious or otherwise. Under these circumstances, entry of default judgment is justified without further proof of Shoom's claims of non-infringement. *See Honda Power Equip. Mfg. Co. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (entering default judgment on declaratory judgment claim of patent invalidity based on allegations in complaint without taking further evidence where defendant wilfully defaulted and plaintiff was prejudiced by defendant's failure to respond).

#### 4.  Sum of Money at Stake

Shoom has not requested money damages or attorneys' fees and seeks only minimal costs in this action, further supporting the conclusion that entry of default judgment is appropriate.

### D. Remedy

Because the Court concludes that the *Eitel* factors support entry of default judgment, it is recommended that a declaratory judgment that Shoom's processes do not and have not infringed any claim of the '173 or the '837 patents be entered. Further, Shoom has adequately documented its costs, in the amount of $397, to cover service and the filing fee in this action. These costs are allowable under Civil Local Rule 54-3(a) and should be awarded in full.

## IV. CONCLUSION

For the reasons stated above, it is recommended that default judgment be entered against Defendant and that declaratory judgment be entered for Plaintiff that it does not and has not infringed either the '173 patent or the '837 patent. Plaintiff also is entitled to an award of $397 in costs.

Dated: April 8, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

10